UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FERRIL J. VOLPICELLI,

Petitioner,

v.

WARDEN BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00690-MMD-WGC

ORDER

## I. SUMMARY

This *pro se* habeas petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss.[1] (ECF No. 22.) Petitioner has also filed a motion for appointment of counsel (ECF No. 31), and application for leave to proceed *in forma pauperis* (ECF No. 30). Finally, Petitioner has filed a request for judicial notice, which the Court construes as a motion for leave to file a sur-reply (ECF No. 36). As further explained below, and primarily because Petitioner's claim is not cognizable on federal habeas review, the Court will grant Respondents' motion to dismiss and deny the other pending motions.

## II. BACKGROUND

Petitioner is a Nevada state prisoner currently serving a sentence of life with the possibility of parole arising out of Second Judicial District Court Case No. CR03-1263. (*See* Exhibits ("Exs.") 1, 2, 4, 5; ECF No. 22 at 9:12-14.)[2] Petitioner began serving his current sentence only after discharging several shorter sentences imposed in Case Nos.

---

[1] Petitioner has opposed (ECF No. 27), and respondents have replied (ECF No. 35).

[2] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 23 and 24.

CR98-2160, CR02-0147 and CR02-0148. (*See* Exs. 1, 2, 4, 5.) In this federal habeas petition, Petitioner argues that NDOC has violated his due process and equal protection rights by: (1) failing to apply 30 meritorious time credits he earned toward his minimum and maximum sentences in CR98-2160; (2) failing to retroactively apply twenty statutory good-time credits to his current and past sentences pursuant to the "AB 510" amendments to NRS § 209.4465; and (3) failing to record meritorious and program credits he has earned and is earning. (ECF No. 8 at 4-7.) Respondents move to dismiss the petition as untimely, unexhausted, procedurally defaulted, and for failing to state a cognizable claim in part. Because the petition fails to state any claim that is cognizable on federal habeas review, the Court *sua sponte* dismisses the petition as non-cognizable and does not reach any of the Respondents' other arguments.

**III.    LEGAL STANDARD**

A claim is cognizable under 28 U.S.C. § 2254 only if it falls within the "core" of habeas. Where success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). Such claims must be brought, "if at all," under 42 U.S.C. § 1983. *Id.* at 931.

In *Nettles*, a prison inmate serving an indeterminate life sentence with the possibility of parole was found guilty of a disciplinary infraction and, as a result, had thirty days of good time credits revoked. *See* 830 F.3d at 927. The inmate filed a habeas petition in federal district court seeking restoration of the loss of good time credits and expungement of the rule violation report that led to the loss of good time credits. *See id.* The Ninth Circuit held that the district court lacked jurisdiction over the inmate's claim because expunging his rules violation report "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id.* at 934-35. Although a rule violation is relevant to whether a prisoner is suitable for parole, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of

parole." *Id.* Accordingly, the Ninth Circuit held that the inmate's challenge to the rules violation report did not lie "at the core of habeas." *Id.*

## IV. DISCUSSION

### a. Motion to Dismiss

Putting aside whether Petitioner's claims related to his prior, expired sentences are otherwise viable, neither they nor his other claims fall within the core of habeas relief and thus none is cognizable on federal habeas review. Petitioner challenges the failure to apply credits to his sentences, past and current. Because Petitioner is serving an indeterminate life sentence, the only practical effect of success on his claims would be to obtain an earlier parole eligibility date, and thus an earlier parole hearing. An earlier parole hearing, however, will not necessarily lead to the petitioner's immediate or speedier release, because whether petitioner will be granted parole lies in the discretion of the parole board. *See Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing Nev. Rev. Stat. § 213.1099(2)) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole."). As success on Petitioner's claims would not necessarily lead to his immediate or speedier release, they do not fall within the "core" of habeas and must be brought, if at all, under 42 U.S.C. § 1983. *See Rouser v. Sullivan*, 2019 WL 1934483, at *2 (E.D. Cal. May 1, 2019); *Stanhope v. Ryan*, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017); *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019) (unpublished disposition).

Petitioner's claim that NDOC is not properly recording his current credits also falls outside the core of habeas and is not cognizable in this action. Petitioner is serving a life sentence and therefore has no maximum sentence to which credits may be applied. Success on this claim would lead to Petitioner's speedier release only if he also obtains some other form of relief—a speculative proposition at best. Thus, success would not "necessarily" lead to Petitioner's speedier release. Although Petitioner asserts that the failure to record his credits affects "considerations by the NDOC's committees, as well as

prospective parole hearings, insofar as conduct, programming and rehabilitative efforts," (ECF No. 8 at 5), none of this implicates the duration or validity of Petitioner's confinement and thus also falls outside the core of habeas relief.

Petitioner cites *Garlotte v. Fordice*, 515 U.S. 39 (1995) in an apparent effort to establish he has a cognizable habeas claim. In *Garlotte*, the petitioner was sentenced to three years on a marijuana count to run consecutively to two concurrent life sentences on other counts. *See id.* at 41. The state trial court ordered that the sentence on the marijuana charge run first, which meant that by the time Petitioner filed his federal habeas petition challenging his marijuana conviction, the sentence on that charge had expired. *Id.* at 42. The Supreme Court held that Petitioner's consecutive sentences must be considered in the aggregate, so that as long as Petitioner remained in custody on one of his consecutive sentences, he was in custody for purposes of challenging his expired marijuana sentence. *See id.* at 43-47. In the conclusion of its opinion, the Supreme Court stated:

> Invalidation of Garlotte's marijuana conviction would advance the date of his eligibility for release from present incarceration. Garlotte's challenge, which will shorten his term of incarceration if he proves unconstitutionality, implicates the core purpose of habeas review. We therefore hold that Garlotte was "in custody" under his marijuana conviction when he filed his federal habeas petition.

*Garlotte*, 515 U.S. at 47.

Petitioner's reliance on *Garlotte* is unavailing. First, *Garlotte* involved an attack on a judgment of conviction. An attack on a judgment of conviction falls within the core of habeas and is fundamentally different from a claim that an expired sentence was not properly calculated—at least where, as here, Petitioner is serving a life sentence and thus the only benefit Petitioner could obtain on success of his claims would be an earlier parole hearing.[3] Moreover, subsequent decisions of the Supreme Court made clear that a claim

---

[3]The Court is not holding that a claim that an expired sentence was improperly calculated would be viable but for the fact it is not cognizable in habeas; it holds only that even assuming the claim were otherwise viable, it would nonetheless be non-cognizable in habeas.

4

that would only serve to advance parole *consideration* does not fall within the core of habeas. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Under *Nettles*, because Petitioner's claims are not core habeas claims, they must be brought, if at all, under § 1983. *See* 830 F.3d at 927 ("[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.").

While the Court can in some cases convert a habeas petition to a § 1983 complaint, it may do so only if the petition is convertible on its face, meaning it names the correct defendants, asserts the correct claims, and seeks the appropriate relief. Because it is not clear that the petition has named the correct defendant, the Court will not exercise its discretion to convert the petition in this case.

### b. Request for Judicial Notice

Following the filing of Respondents' reply in support of their motion to dismiss, in which Respondents asserted a new argument as to why the petition should be considered untimely, Petitioner filed a request for judicial notice, which seeks leave to file a response to the Respondents' new argument. The Court construes Petitioner's request for judicial notice as a motion for leave to file a sur-reply. Because the Court does not decide the motion to dismiss on the timeliness argument, a sur-reply is unnecessary. Accordingly, Petitioner's motion for leave to file a sur-reply (ECF No. 36) will be denied.

### c. Certificate of Appealability

In order to proceed with an appeal, Petitioner must receive a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a Petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *See Allen*, 435 F.3d at 951; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen*, 435 F.3d at 951 (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the Petitioner

has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *See id.*

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that none meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

**V. CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 22) is granted, and the petition in this action is dismissed with prejudice as asserting no cognizable federal habeas claims.

It is further ordered that, at least in part because Petitioner asserts no cognizable claims, Petitioner's motion for appointment of counsel (ECF No. 31) is denied.

It is further ordered that Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 30) is denied as moot, as Petitioner has paid the filing fee in this action.

It is further ordered that Petitioner's request for judicial notice (ECF No. 36), construed as a motion for leave to file a sur-reply, is denied.

It is further ordered that Petitioner is denied a certificate of appealability for the reasons set forth above.

The Clerk of Court will enter final judgment accordingly and close this case.

DATED THIS 20th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE