UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FERRILL J. VOLPICELLI,

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No. 3:17-cv-00690-MMD-WGC

ORDER

**I.    SUMMARY**

This habeas matter is before the Court on Petitioner Ferrill J. Volpicelli's Motion to Reconsider ("Motion") (ECF No. 40). Respondents have opposed (ECF No. 46), and Petitioner has replied (ECF No. 46). For the reasons discussed below, the Court will deny Petitioner's Motion.

**II.    BACKGROUND**[1]

Petitioner is a Nevada state prisoner currently serving a sentence of life with the possibility of parole arising out of Second Judicial District Court Case No. CR03-1263. Petitioner began serving his current sentence only after discharging several shorter sentences imposed in case numbers CR98-2160, CR02-0147 and CR02-0148.

Petitioner initiated this case with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He then filed an amended petition (ECF No. 8), which alleges the Nevada Department of Corrections violated his due process and equal protection rights by: (1) failing to apply 30 meritorious time credits he earned toward his minimum and maximum sentences in CR98-2160; (2) failing to retroactively apply 20 statutory good-time credits to

---

[1]This procedural history is derived from the exhibits located at ECF Nos. 23–24 of the Court's docket. The prior dismissal order further outlines the relevant background. (ECF No. 38.)

his current and past sentences pursuant to the "AB 510" amendments to NRS § 209.4465; and (3) failing to record meritorious and program credits he has earned and is earning.

Respondents moved to dismiss the amended petition as untimely, unexhausted, procedurally defaulted, and for failing to state a cognizable habeas claim in part. (ECF No. 22.) The Court dismissed the amended petition on June 20, 2019, for failure to state any claim that is cognizable on federal habeas review. (ECF No. 38 ("dismissal order").) The Court also denied Petitioner's motions for appointment of counsel and to proceed *in forma pauperis* ("IFP"). The dismissal order explained that, because his claims are not core habeas claims, they must be brought, if at all, under 42 U.S.C. § 1983. (*Id.* at 4–5 (citing *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.") (en banc)).) The Court further stated:

> While the Court can in some cases convert a habeas petition to a § 1983 complaint, it may do so only if the petition is convertible on its face, meaning it names the correct defendants, asserts the correct claims, and seeks the appropriate relief. Because it is not clear that the petition has named the correct defendant, the Court will not exercise its discretion to convert the petition in this case.

(*Id.* at 5.)

Petitioner now moves this Court to reconsider the dismissal order because, he argues, it is premature to conclude that this action cannot be converted to a § 1983 claim. (ECF No. 40.) He contends that an amendment can easily correct the "minor deficiency" of naming the wrong defendant.

Respondents oppose the motion, asserting that the Court reached the right result in dismissing Petitioner's Petition. (ECF No. 43.) Respondents contend that Petitioner fails to identify, let alone satisfy, the legal standard for reconsideration. (*Id.* at 2.) Furthermore, if the Court is inclined to reconsider the dismissal order, they urge the Court to reach the arguments initially set forth in their motion to dismiss.[2] Respondents argue that Petitioner

---

[2] In the dismissal order, the Court expressly declined to reach any of Respondents' arguments from their motion to dismiss other than cognizability.

cannot bring any cognizable claim regarding time-credits for his expired sentences in case numbers CR98-2160, CR02-0147, and CR02-0148—either in habeas or § 1983—because the expiration of a term of imprisonment moots any error in the calculation of a sentence.[3] Respondents further argue that time-credits do not apply to Petitioner's current sentence in Case No. CR03-1263 because Petitioner is serving an indeterminate life-sentence. (*Id.* at 3–4 (citing *Williams*, 402 P.3d at 1262-64.) Thus, they maintain that Petitioner's claims are facially deficient whether they are brought in a habeas petition or civil rights complaint.

Petitioner replies that he has met the standard for reconsideration and urges the Court to convert his habeas petition to a civil rights action. (ECF No. 46.) He claims "there is manifest injustice from the legal error" of the dismissal order and dismissal without leave to amend was improper at this early stage of the proceeding. (*Id.* at 4.) Additionally, he asserts that dismissal will prejudice him because he may be procedurally barred from commencing a new § 1983 action. (*Id.*)

**III. DISCUSSION**

Rule 59(e) of the Federal Rules of Civil Procedure states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A post-judgment motion for reconsideration in a habeas proceeding, filed within 28 days of entry of the judgment, is properly construed as a motion to alter or amend the judgment under Rule 59(e). *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016) (citation omitted).

///

///

---

[3] *See Williams v. State Dep't. of Corr.*, 402 P.3d 1260, 1265 n.7 (Nev. 2017) ("Because the application of credits under NRS [§] 209.4465(7)(b) only serves to make an offender eligible for parole earlier, no relief can be afforded where the offender has already expired the sentence . . . or appeared before the parole board on the sentence.") (citing to *Johnson v. Dir., Nev. Dep't of Prisons*, 774 P.2d 1047, 1049 (1989) (providing that "any question as to the method of computing" a sentence is rendered moot when the sentence is expired).

Here, Petitioner filed his Motion on July 11, 2019. Because it was filed 21 days after entry of the judgment on June 20, 2019, the Court treats the request as a motion to alter or amend judgment under Rule 59(e).

As the Ninth Circuit has recognized, "a Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491-92 (citation omitted).[4]

The Court's dismissal order is not clearly erroneous or manifestly unjust. Petitioner concedes that his claims are not cognizable on habeas review. In *Nettles*, the Ninth Circuit held that "a district court *may construe* a petition for habeas corpus to plead a cause of action under § 1983." 830 F.3d at 935-36 (emphasis added). *Nettles* does not require this Court to recharacterize the Petition as a § 1983 complaint or to provide him an opportunity to amend so he can attempt to state colorable § 1983 claims. In fact, because such recharacterization may disadvantage the petitioner, *Nettles* specifically cautioned district courts against doing so without the petitioner's express consent. *Id.*

Petitioner is advised that there are several significant differences between a habeas matter and a civil rights action. For example, the filing fee for a habeas petition is $5.00, and that fee is waived if the prisoner receives permission to proceed IFP. For civil rights cases, however, the prisoner is required to pay a $350.00 filing fee pursuant to the

---

[4]*Rishor* instructs that a district court presented with a Rule 59(e) motion for reconsideration must first determine whether the motion should be construed as a second or successive petition. 822 F.3d at 492. Because Petitioner's motion seeks to leave to convert this habeas proceeding to a civil rights action under 42 U.S.C. § 1983, it does not raise new habeas claims and the Court concludes that the motion is not a second or successive petition and proceeds to consider the merits of the motion.

4

Prisoner Litigation Reform Act by way of monthly payments from the prisoner's trust account —even if a court grants IFP status.[5] 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition when he would not be required to pay a filing fee might feel differently about a civil rights complaint for which $350 would be deducted from his account in monthly payments. He is obligated to pay the full $350, even if the Court dismisses the civil rights complaint, and payments will continue until the balance is paid in full. *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016). Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim will count as a "strike" under 28 U.S.C. § 1915(g), which is not the same for habeas cases. Based on the marked differences between habeas and civil rights cases, rather than construe a petition as a civil rights action, courts routinely dismiss without prejudice so that a petitioner may assert § 1983 claims in a new case, if he chooses.

Petitioner raises an argument the first time in his reply brief, asserting that he will be prejudiced by the Court's failure to recharacterize his Petition as a § 1983 complaint because he may be "procedurally barred" from bringing his § 1983 claims in a new action. "Normally, a party should not raise new grounds for his motion in his reply." *Gordon v. Higgs*, 716 F. Supp. 1351, 1353 (D. Nev. 1989). This improperly deprives the opposing party from an opportunity to respond. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that district court did not commit clear error in declining to address argument raised for the first time in a reply brief on Rule 59(e) motion). Petitioner's vague and conclusory allegation of a procedural bar is unavailing. He fails to specify what procedural bar could potentially impede a new action, and the Court will not speculate.

In sum, Petitioner has not stated a meritorious reason to reconsider the dismissal order and alter the judgment. Should Petitioner still desire to bring § 1983 claims related

---

[5]The Court's standard filing fee in all civil actions is $400, which consists of a $350 base fee and a $50 administrative fee. Pursuant to § 1915, the $50 administrative fee does not apply to prisoners granted IFP status. Thus, IFP prisoners are only required to pay the $350 base fee.

to his time-credits, he must initiate a new action with a civil rights complaint and a new application. However, this Court makes no finding or representation that his § 1983 claims are not subject to dismissal for failure to state a colorable claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure or any other procedural defects.

**IV.　CONCLUSION**

Based on the foregoing reasons, it is therefore ordered that Petitioner Ferrill J. Volpicelli's Motion to Reconsider (ECF No. 40) is denied.

DATED THIS 21st day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE